UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                            :

UNITED STATES OF AMERICA

                                         :          ORDER FOR CONTINUED

         -v-                                 CUSTODY OF PROPERTY

                                       :          <u>PURSUANT TO 21 U.S.C. § 853</u>

FREDDY ESPINAL,

                                       :          S1 22 Cr. 552 (JMF)

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        WHEREAS, the Government has applied for an Order authorizing the Government

and its agencies to maintain custody of certain property pending the conclusion of the instant case;

        WHEREAS, the property in question includes the following assets:

        i.        $61,929.00 in United States currency seized on November 28, 2022 from the Defendant at the time of his arrest in Bronx, New York;

(the "Specific Property");

        WHEREAS, the Specific Property is currently in the lawful custody of the

Government;

        WHEREAS, the Government has represented to the Court that it will maintain and

preserve the Specific Property throughout the instant case so that it will be available for forfeiture;

        WHEREAS, the Specific Property is alleged to be subject to forfeiture to the United

States, pursuant to Title 21, United States Code, Section 853, as property constituting or derived

from proceeds Defendant obtained directly or indirectly as a result of the commission of the offense

charged in Count One of the Indictment, or as property used, or intended to be used, to commit, or

to facilitate the commission of the offense charged in the one-count superseding indictment filed

against the defendant, FREDDY ESPINAL, on November 17, 2022;

WHEREAS, there is probable cause to believe the Specific Property is subject to forfeiture pursuant to Title 21, United States Code, Section 853;

WHEREAS, Title 21, United States Code, Section 853(e)(1) authorizes the Court to take any action necessary to preserve the availability of property for forfeiture; and

WHEREAS, this Order satisfies the Government's obligations to preserve its right to maintain custody of the Specific Property under Title 18, United States Code, Section 983(a)(3)(B)(ii)(II);

IT IS HEREBY ORDERED, pursuant to Title 21, United States Code, Section 853(e)(1), that the United States and its agencies, including the Drug Enforcement Administration and the United States Marshals Service, are authorized to maintain and preserve the Specific Property until the conclusion of the instant case, pending further Order of this Court.

Dated:        New York, New York
              June __30____, 2023

SO ORDERED:

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

The Government's letter enclosing the application and affidavit in support of this Order states: "This application is submitted ex parte in accordance with Section 853(e)(1)(A), which does not provide for notice to the defendant or an opportunity to be heard prior to issuance of an order under that section. Compare 21 U.S.C. § 853 (e)(1)(A) (post-indictment protective orders without notice) with 21 U.S.C. § 853 (e)(1)(B) (pre-indictment protective orders with notice)."  That may be so, but it does not follow that the application and affidavit --- which are indisputably "judicial documents" subject to a presumption in favor of public access --- can be filed under seal.  No later than July 5, 2023, the Government shall either file its letter, application, and affidavit on the docket or show cause why these documents should not be filed publicly.